*1241 OPINION.
TRUssell :
The facts establish that petitioner has been engaged in farming and ranching practically all of his life and that he purchased the Workman homestead for the purpose of farming and ranching for a profit. We think that it is immaterial that petitioner had other profitable business interests and has been able in recent years to build upon his ranch a large home, etc., which seems to be the basis of the Commissioner’s denial of the deduction of the loss as recommended by the revenue agent’s report made in 1925. Petitioner planted 80 acres of walnut trees for the purpose of marketing the crop at a profit, and each year he cultivated between the rows of trees, planted 50 feet apart, for the purpose of marketing the crop of vegetables which he raised. Petitioner was engaged in the business of ranching and farming for profit and he is entitled to the deduction of the amount of $9,017.04, loss sustained in 1921, in the operation of that business, under section 214 of the Revenue Act of 1921.
During 1921, petitioner paid his bookkeeper a bonus as additional compensation for services rendered. Section 214 (a) (1) of the ■Revenue Act of 1921 provides for a deduction from gross income of salaries “or other compensation for personal services actually rendered.” There is no provision requiring such compensation to be paid in cash. In the instant case petitioner paid the bonus as additional compensation in the amount of $295, by purchasing his employee clothes at an agtual cost of $295, and that amount was charged to the bonus account on petitioner’s books. We are of the opinion that petitioner should be allowed a deduction in the amount of $295 from gross income for the year 1921.
Judgment will T>e entered upon W days’ notice, pursuant to Bule 50.